UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.: 1:16-CR-211 (RBW) |
| v. | : | |
| | : | UNDER SEAL |
| HUWIDA FADL | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR AN ORDER FINDING WAIVER
OF THE ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO THE
DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND
AUTHORIZING DISCLOSURE OF INFORMATION**

The United States of America, by and through its attorney, the Money Laundering and Asset Recover Section, Criminal Division, United States Department of Justice, moves for an order finding that defendant Huwida Fadl ("defendant") waived the attorney-client privilege when she filed her appeal and accused her trial counsel of ineffective assistance of counsel, and that as a result of that waiver, her trial counsel is authorized by the Court to defend against defendant's accusations and disclose attorney-client communications relevant to defendant's ineffective of assistance of counsel claims. In support of its motion, the United States states as follows:

1.  On December 19, 2016, defendant pleaded guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Dkt. # 7-8. On March 8, 2019, the Court sentenced defendant to twelve months and one day in prison, three years of supervised release, and a special assessment of $100, and ordered defendant to make over $1.3 million in restitution to the victim of her offense.

2.  After the Court imposed its sentence, on March 12, 2019, defendant filed a notice of appeal. Dkt. #32. Several months later, on November 15, 2019 and February 20, 2020,

defendant filed her opening and reply briefs (collectively the "Briefs"), respectively, with the United States Court of Appeals for the District of Columbia. In her Briefs, defendant accused her trial counsel, Atiq R. Ahmed, who is a member in good standing of the District of Columbia bar, of providing her with constitutionally deficient counsel by failing to abide by *Padilla v. Kentucky*, 559 U.S. 536 (2010) and advise her of the immigration consequences of her guilty plea. Among the accusations defendant levied against Mr. Ahmed were that he "never told her . . . that she would be deported if she pleaded guilty to conspiracy to commit money laundering"; that he did not provide her with an Arabic translation of her plea agreement; that "[s]he never received a complete copy of the plea agreement until the day she pleaded guilty, and [the plea agreement] was never translated for her before the plea hearing"; that Mr. Ahmed "was unaware of the immigration consequences of a conviction, including deportation, and accordingly did not attempt to negotiate an immigration-friendly outcome for the defendant nor advise her that she would be subject to deportation if convicted of conspiracy to commit money laundering"; and that "[Mr. Ahmed] did not discuss [with defendant] immigration consequences whatsoever and [the immigration consequences of defendant's plea were] never mentioned until her plea hearing and by the Judge, not [by Mr. Ahmed]." Opening Br. at 3-4, 9-10; Reply Br. at 1, 7-13. Defendant also accused Mr. Ahmed of not making notations about her immigration status or the immigration consequences of her plea in his case file. Opening Br. at 10 n.4.

    3.    On July 7, 2020, the D.C. Circuit issued a *per curiam* judgment remanding defendant's ineffective assistance of counsel claims to the Court for an evidentiary hearing on whether defendant can satisfy the burden placed her on by *Strickland v. Washington*, 466 U.S. 688 (1984) and prove that Mr. Ahmed provided her with constitutionally deficient counsel. *In re Sealed Case* (D.C. Cir. No. 19-3018, filed March 12, 2019, judgment July 7, 2020) (the

"Judgment"). According to the D.C. Circuit, the trial court record did not "conclusively establish . . . the sufficiency of [Mr. Ahmed's] performance" and, therefore, it ordered the Court to engage in further fact finding into "(1) what, if anything, [Mr. Ahmed] conveyed to [defendant] regarding the deportation consequences of the plea during negotiations; (2) whether [defendant] received a translated copy of the entire plea agreement; and (3) whether [Mr. Ahmed] was even personally aware of the deportation consequences of the plea during negotiations." *Id.* at 2.

4. Both before and after the D.C. Circuit filed its Judgment, Mr. Ahmed advised the United States that he was unable to discuss defendant's ineffective assistance of counsel claims without an Order from the Court authorizing him to do so.

5. On July 20, 2020, the Court issued an Order scheduling an evidentiary hearing on defendant's ineffective assistance of counsel claims for September 21, 2020. Dkt. #51.

6. Because the D.C. Circuit found that the trial record was "exiguous" and did not "conclusively . . . establish whether [Mr. Ahmed's] assistance complied with *Padilla* and leaves [defendant's] important assertions about translations and [Mr. Ahmed's] personal knowledge unanswered," *id.* at 3, the United States seeks to obtain from Mr. Ahmed – and any other person acting on defendant's behalf in this case – and provide to the Court declarations, affidavits, and testimony that are responsive to the D.C. Circuit's Judgment and defendant's ineffective assistance of counsel claims. To that end, the United States requests that the Court issue an Order:

    a. finding that defendant waived the attorney-client privilege when she filed her appeal accusing Mr. Ahmed of ineffective assistance of counsel;

    b. finding that the District of Columbia Rules of Professional Conduct, particularly Rule 1.6(e)(3), permit Mr. Ahmed and any other person acting on defendant's behalf in this case

3

to disclose to the United States information needed to respond to defendant's allegations of ineffective assistance of counsel, and to include that information in a declaration, affidavit, or in testimony, even if there might otherwise be a duty to keep such information confidential; and

        c.    authorizing Mr. Ahmed and any other person acting on defendant's behalf in this case to take all actions necessary to prepare a response to the D.C. Circuit's Judgment and defendant's ineffective assistance of counsel claims, including:

            i.    disclosing otherwise confidential or privileged information in communicating with the United States about the representation of defendant as it relates to the D.C. Circuit's Judgment and defendant's allegations of ineffective assistance of counsel;

            ii.    providing the United States with any relevant documents in the actual or constructive possession of Mr. Ahmed or any other person acting on defendant's behalf in this case or that are otherwise available to Mr. Ahmed or any person acting on defendant's behalf in this case;

            iii.    providing affidavits or declarations about defendant's ineffective assistance claims; and

            iv.    testifying at the evidentiary hearing that the Court scheduled in the case.

        d.    limiting the United States' use of any information provided by Mr. Ahmed and any other person acting on defendant's behalf in this case to any further litigation of the defendant's ineffective assistance of counsel claims, and to any habeas or coram nobis petition or appeal that defendant may file after the Court holds the evidentiary hearing. The Order also should make clear that if defendant meets her burden under *Strickland* and is successful on her ineffective assistance of counsel claims, the Court may consider additional questions on the limitation of the use of this information at subsequent proceedings in this case. This limitation

on the use of information does not, however, preclude the United States from prosecuting defendant for perjury should any information that she provided to Mr. Ahmed or any other person acting on her behalf in this case be proof of perjury in any post-conviction proceedings.

## LEGAL ANALYSIS

7. When a defendant claims that her conviction should be vacated because her counsel's professional performance was so deficient that it violated her constitutional rights, it follows that the defendant must have waived her attorney-client privilege in that case. When a defendant's own action has vitiated the attorney-client privilege, it could be correctly and reasonably thought that defense counsel, generally, do not need the protection of the requested Order from this Court. Nevertheless, the United States believes it a better use of scarce court resources to move for an Order that makes it explicit that the Court has found that defendant waived her attorney-client privilege with respect to the ineffective assistance of counsel claims that defendant raised on appeal in her Briefs.

8. It is well-settled that a defendant waives her attorney-client privilege when she claims that she was provided with ineffective assistance of counsel. *See, e.g., Strickland*, 466 U.S. at 691 ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions."); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege. When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject matter . . . ."); *United States v. Straker*, 258 F.Supp.3d 151, 153-154 (D.D.C. 2017) ("It is well settled that when a habeas petitioner raises a claim of ineffective assistance of counsel, courts find a corresponding waiver of attorney-client

privilege with respect to former counsel on matters necessary to decide the claim"); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that plaintiff waived attorney-client privilege when he "invited the inquiry which the privilege is designed to protect"); *United States v. Wiggins*, 184 F.Supp. 673, 677-678 (D.D.C. 1960) ("It is well established that if a client assails his attorney's conduct of his case, . . . the privilege as to confidential communications is waived, since the lawyer . . . has a right to defend himself."); *see also Eldridge v. United States*, 618 A.2d 690, 692 n.3 (D.C. 1992) (finding no error in trial court's decision to permit defense counsel to testify at post-sentencing hearing "because part of [defendant's] argument at the hearing was based on defense counsel's alleged ineffectiveness," and, therefore, the court "agree[d] with the trial court that [defendant] implicitly waived his attorney-client privilege") (citing *Doughty v. United States*, 574 A.2d 1342, 1343 (D.C. 1990)).[1]

---

[1] Cases from outside the District of Columbia are to the same effect. *See e.g., United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (when habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim), *cert. denied*, 559 U.S. 955 (2010); *In Re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("[L]itigants cannot hide behind the [attorney-client] privilege if they are relying upon privileged communications to make their case."), *cert. denied*, 547 U.S. 1092 (2006); *Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir. 2003) (where habeas petitioner raises claim of ineffective assistance of counsel, he waives attorney-client privilege as to all communications with his allegedly ineffective lawyer), *cert. denied*, 540 U.S. 1013 (2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (defendant waives his attorney-client privilege when he injects into litigation issue that requires testimony from his attorneys or testimony concerning the reasonableness of his attorneys' conduct; thus, when defendant alleged that his attorneys provided ineffective assistance of counsel in their choice of defense strategy, he put at issue – and thereby waived – any privilege that might apply to the contents of his conversations with those attorneys to extent those conversations bore on his attorneys' strategic choices), *cert. denied*, 535 U.S. 926 (2002); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) (where there is claim of ineffective assistance of counsel, allegedly ineffective attorney should be afforded opportunity to be heard and present evidence in form of live testimony, affidavits, or briefs); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (attorney-client privilege cannot at once be used as shield and sword and, thus, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"), *cert. denied*, 502 U.S. 813 (1991); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's

9. Similarly, when a defendant alleges ineffective assistance of counsel, counsel may disclose client confidences or secrets to respond to those claims pursuant to D.C. Rules of Professional Conduct 1.6(e)(2)(A) and (3), which provide:

> (e) A lawyer may use or reveal client confidences or secrets:
>
> . . .
>
> (2)(A) when permitted by these Rules or required by law or court order; and
>
> . . .
>
> (3) . . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client.

10. The District of Columbia Bar's Legal Ethics Committee has determined that a lawyer may disclose client confidences and secrets pursuant to Rule 1.6(e)(3) when a former client makes an ineffective assistance of counsel claim insofar as reasonably necessary to respond to the client's "specific allegations about the lawyer's representation." Opinion 364, at 1 ("When a former client challenges a criminal conviction or sentence on the grounds of ineffective assistance of counsel . . . Rule 1.6(e)(3) permits the lawyer to disclose client confidences and secrets only insofar as reasonably necessary to respond to the client's specific allegations about the lawyer's representation.") The District of Columbia Bar's approach is amply supported by case law. *See, e.g., Melo v. United States*, 825 F.Supp.2d 457, 463 n.2 (S.D.N.Y. 2011) (attorney-client privilege waived by filing motion alleging ineffective assistance of counsel and stating that ABA Formal Opinion 10-456 does not preclude attorney from providing to United States affidavit that responds to former client's ineffectiveness allegations);

---

competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. Here, the confidentiality of the attorney-client relationship was breached by [the defendant]. Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege."), *cert. denied*, 419 U.S. 1125 (1975); *Laughner v. United States*, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking attorney's performance of his duties).

*Dunlap v. United States*, Nos. 4:09–cr–00854–RBH–1 and 4:11–cv–70082–RBH, 2011 WL 2693915, *1-2 (D.S.C. July 12, 2011) (addressing ABA Formal Opinion 10-456 by requiring counsel to submit pre-hearing affidavit addressing petitioner's claims of ineffectiveness unless the petitioner chose to withdraw his habeas petition); and *Mitchell v. United States*, Nos. CV10–01683–JLR–JPD and CR08–00213–JLR, 2011 WL 338800, *2-3 (W.D. Wash. 2011) (attorney-client privilege and rule of client confidentiality waived by filing habeas petition alleging ineffective assistance of counsel).

11.     Here, by filing her appeal and alleging in her Briefs that Mr. Ahmed provided her with ineffective assistance of counsel by not advising her of the deportation consequences of her guilty plea, defendant put Mr. Ahmed's representation and her attorney-client communications with him directly at issue. Therefore, defendant has waived the attorney-client privilege and the non-disclosure provisions of Rule 1.6 with respect to Mr. Ahmed's representation as it relates to her ineffective assistance of counsel claims. To make certain and clear that Mr. Ahmed may take the necessary steps to vindicate his public reputation by addressing and defending against defendant's claims of ineffective assistance of counsel, and equally to vindicate the integrity of this Court's previous proceedings, the United States asks this Court to issue the attached proposed Order.

**WHEREFORE**, the United States requests that this Court issue an Order: (1) finding that defendant waived the attorney-client privilege with respect to her allegations that Mr. Ahmed was constitutionally ineffective; (2) authorizing Mr. Ahmed and any other person acting on defendant's behalf in this case to disclose to the United States all matters related to the ineffective assistance of counsel allegations made by defendant on appeal and in her Briefs, to provide the United States with copies of any documents relating to defendant's ineffective

assistance claims, to provide a declaration or an affidavit addressing defendant's allegations of ineffective assistance of counsel, and to testify at the evidentiary hearing with respect to defendant's ineffective assistance of counsel claims; and (3) finding that any disclosures to the United States by Mr. Ahmed that relate to defendant's allegations of ineffective assistance of counsel are authorized by D.C. Rules of Professional Conduct 1.6(e)(2)(A) and (e)(3).

A proposed Order is attached.

                                      Respectfully submitted,

                                      DEBORAH CONNOR, CHIEF
                                      MONEY LAUNDERING & ASSET
                                      RECOVERY SECTION

By:     /s/_____
       JONATHAN T. BAUM
       Senior Trial Attorney, Criminal Division
       Money Laundering and Asset Recovery Section
       United States Department of Justice
       1400 New York Avenue, NW
       Bond Building, Suite 9104
       Washington, DC 20005
       Telephone: (202) 616-9628
       Email: jonathan.baum@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July 2020, I caused a copy of the foregoing motion and proposed order to be served by electronic mail on defendant's counsel:

Kira Anne West
Law Office of Kira Anne West
1325 G Street N.W., Suite 500
Washington, D.C. 20005
Telephone: (202) 236-2042
Email: kiraannewest@gmail.com

                                       /s/
                                       Jonathan T. Baum
                                       Senior Trial Attorney, Criminal Division
                                       Money Laundering and Asset Recovery Section
                                       United States Department of Justice