# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.-16-CR-211 (RBW) |
| HUWIDA FADL | * | *__UNDER SEAL__* |
| Defendant | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE

The Defendant, Huwida Fadl, by and through her counsel, Kira Anne West,  hereby files this response to the government's motion *in limine*  filed at 4:43 p.m. last Friday afternoon asking this court to limit her case to issues raised in the Circuit's opinion and to also deny Ms. Fadl her right to call witnesses in her case. In support of her contention that the Court should deny the motion *in limine* in both instances, she provides the following in support:

First, the government misleads this Court by stating that the Circuit has limited the issues that the District Court can fact find on when holding a hearing on the two part *Strickland* test.  The government lists some of the Circuit's concerns, but fails to mention that the Circuit said "Further fact-finding is needed to determine whether Appellant ever received a translated version of the full PSR, whether they were otherwise made aware of its statements regarding deportation implications, and whether the PSR's statements are sufficient to cure any prejudice." *In re Sealed Case*, No. 19-3018 (D.C. Cir. July 7, 2020) at  4.

The Circuit went on to say "given remaining questions around what exactly was translated or otherwise communicated to Appellant and when, the apparent deferral by trial counsel to an

unknown immigration attorney, and the centrality of *Padilla's* requirement…we find these various statements are not enough without more information or context…." *Id.*  Thus, the Circuit is requiring this Court "… to develop a factual record and rule in the first instance." *Id.* at 5.  And to really understand what the Circuit is after, a review of  the recording of the May 1st oral argument clearly shows that there are many issues unmentioned in the opinion that the Circuit was interested in.[1] For instance, Judge Millet asked how Ms. Fadl came to get a new green card and she asked what motivated the issuance of the new green card. At the time of oral argument, the answer to that was unclear to her lawyer. The government told Judge Millet that Ms. Fadl was charged with being an immigrant without a visa in 2016 but failed to tell her  that the reason her green card was invalid is because the government took it from her when she was arrested on February 26, 2016, and let it expire in April 2016  while in their custody. More importantly, Judge Millet asked if Ms. Fadl was ever told that she had the option of withdrawing her plea. Neither party could answer that question. Judge Millet asked "what evidence is there that she was told she could withdraw her plea?"  But Judge Millet's most probative question to the government was "so you think she independently knew of the immigration consequences?" Mr. Baum answered yes. Judge Wilkins wanted to know the exact language used by the District Court at sentencing and said the exact language used was "semantics, but important semantics."   Thus, Ms. Fadl's counsel should not be limited in her questioning so long as it is relevant to issues raised by the Circuit court.

Second, the government misstates that there was an agreement between the United States and undersigned counsel. As this Court will recall, during the October 13th, 2020 status conference when the government asked this Court to order defense counsel to agree to these same few issues, undersigned counsel indicated that she should not be "corralled" by the government into agreeing to

---

[1] A copy of the oral argument can be delivered to the Court upon request.

what they thought the issues were. This Court agreed. Undersigned counsel did NOT agree that the issues should be confined to the opinion of the Circuit. The United States statement that undersigned counsel did not "honor her agreement" is not only false, it's offensive. Undersigned counsel has every confidence that this Court will control both parties presentation of the evidence. The witnesses listed on the defendant's witness list will testify to issues relevant to the case.[2] The government argues that  undersigned counsel will most likely stray from the issues and delve into areas not relevant to these proceedings. The government is concerned that undersigned counsel may question the agents about why they talked to Ms. Fadl on four separate occasions without her having a lawyer. And although she requested one on February 29, 2016, after being held for three days in jail  they told her she could go back to jail if she didn't want to talk to them-a clear violation of her 5th amendment rights. Undersigned counsel cannot predict what the testimony will be but will craft her questions to what is relevant depending upon the testimony.

Therefore, the government's motion *in limine* should be denied.

Respectfully submitted,

_____/s/_____
Kira Anne West
712 H Street NE
Suite 509
Washington, D.C. 20001
D.C. Bar No. 993523
 (202) 236-2042
kiraannewest@gmail.com

---

[2] With regard to witness Wael Sedik, undersigned counsel first arranged to have him interviewed at his Federal prison and after those arrangements were made, he was transferred last week to a half-way house in Wilmington, DE. There has been instances of Covid-19 at this halfway house so undersigned counsel made arrangements with his counselor for him to testify via zoom on Tuesday, November 17, in the afternoon. Undersigned counsel sent the subpoena to Mr. Katzoff, counsel for Wael Sedik after he said he would deliver it to his client and accept it on his behalf. Undersigned counsel has spoken with Mr. Sedik who  has indicated that he wants to testify.

CERTIFICATE OF SERVICE

     I swear that on November 16 2020, a copy of this response to the motion in limine of the government was emailed to attorney Jonathan Baum via email at  JONATHAN.BAUM@USDOJ.GOV and filed under seal pursuant to the rules of Court.

/s/
_____
Kira A. West
