**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.-16-CR-211 (RBW) |
| HUWIDA FADL | * | **_UNDER SEAL_** |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S RESPONSE TO GOVERNMENT FILING ON 4.27.21 of 12 "DISCOVERY NOTICES"

The Defendant, Huwida Fadl, by her counsel, Kira Anne West, hereby files this response to the Government's "notice of filing documenting discovery that has been produced." This Court should strike from the record every notice with the exception of numbers 5, 7 and 10 and states the following in support of her position:

A discovery notice is just that-a notice that discovery has been turned over to the defense and nothing more. Moreover, it is filed on the day the discovery is turned over to the defense-not months later. It does not contain letters between the parties about evidentiary matters; it does not contain one party's theory of the case; and it does not contain emails between the parties. But government counsel has filed pages and pages of just about everything but an actual notice of discovery. This is a clear attempt by government counsel to infect the record with his theory of the case and facts not in evidence because he knows that this case may go back up to the Circuit Court. This is the same government prosecutor who subpoenaed a defense witness to a *status conference* last Fall in this very case. It was only fortuitous that defense counsel discovered this Rambo style pretrial practice of the

government which was meant to intimidate a defense witness. These "discovery notices" are no different. They are an attempt by the government to play fast and loose with this Court.

The very first notice would be fine if it contained only the proffer agreement, but it is a complete recitation of the government's theory of the case. The 2nd notice contains a request from defense counsel for the information that was filed-clearly not a discovery notice. The third notice is a corrected transcript-again, not discovery. Number 4 is an email seeking clarification about a letter missing from a mailing of discovery. Number 6 is the government's summary of a phone call made between the parties on November 9, 2020. Here, the government egregiously leaves this Court with the impression that defense counsel agreed to this position when in fact, undersigned counsel responded just minutes later with the following:

Jon,
I too am glad we spoke. Although I do agree with your recitation of what the issues are from the circuit opinion, I think that other explanation of facts is warranted to get to those issues. This is why I have been reticent to agree to exactly what you state the issues are. I don't think it's that important. If you believe I am straying from the issues during the hearing, you can object.

This email definitively shows that undersigned counsel in fact did NOT agree with the prosecutor's recitation of the issues. Number 8, though not terrible, includes communication between the parties about subjects other than discovery. Number 9 is again clearly Mr. Baum injecting his opinion of why Ms. Dalton testified the way she did which is completely improper. Same with Number 11. And finally, number 12 is a letter from undersigned counsel to Mr. Baum listing what was in my file from Mr. Ahmed so this does not even come close to a notice of discovery from the government.

Therefore, the defense asks that this Court strike all notices from the record with the exception of those that are in fact discovery notices: 5, 7 and 10.

2

Respectfully submitted,

_____/s/_____
Kira Anne West
712 H Street NE
Suite 509
Washington, D.C. 20001
D.C. Bar No. 993523
 (202) 236-2042
kiraannewest@gmail.com

CERTIFICATE OF SERVICE

    I swear that on April 28, 2021, a copy of this response was emailed to Senior attorney Jonathan Baum via email at  JONATHAN.BAUM@USDOJ.GOV and filed under seal pursuant to the rules of court.

_____/s/_____
Kira A. West