UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.: 1:16-CR-211 (RBW) |
| v. | : | |
| | : | **UNDER SEAL** |
| **HUWIDA FADL** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' REPLY TO "DEFENDANT'S RESPONSE TO GOVERNMENT FILING ON 4.27.21 OF 12 'DISCOVERY NOTICES'"**

COMES NOW, the United States of America, by and through its undersigned attorneys, the Money Laundering and Asset Recovery Section ("MLARS"), Criminal Division, United States Department of Justice and replies to defendant Huwida Fadl's ("defendant") "Response to Government's Filing on 4.27.21 of 12 'Discovery Notices'" ("Response").

In her Response, defendant complains about Notices of Filing that the United States filed on April 27, 2021 documenting the discovery that it has produced to defendant throughout the case (the "Notices"). Response at 1. Defendant argues that the United States filed these notices "to infect the record with [its] theory of the case," and asks the Court to strike many of the Notices. *Id.*

The United States opposes defendant's motion to strike the Notices for several reasons. First, defendant has filed similar notices documenting her requests for reciprocal discovery from the United States. *See* Defendant's Notice of Filing filed Aug. 28, 2020.

Second, the United States has filed similar notices documenting the discovery that it produced to defendant with no objection from defendant. *See e.g.* Notices of Filing filed Aug. 31, 2020 and Sept. 1, 2020.

Third, it makes no sense that the United States would use the Notices to put its theory of the case into the record. The United States' theory of the case was in the record well before it filed the Notices. The United States set forth its theory of the case in the various motions that it filed before the April 19, 2021 evidentiary hearing and it certainly made its theory of the case known to the Court and, should the case be appealed, to the court of appeals, during the evidentiary hearing.

Fourth, the Notice documenting the discovery that the United States produced to defendant on November 9, 2020 contains as an attachment the email about which defendant complains in her Response. However, contrary to the allegations that defendant makes in her Response, this email is already part of the record. The November 9, 2020 email exchange between the United States and defendant prompted the United States to file its Motion in Limine to Exclude Evidence and Witnesses on November 13, 2020 (the "Motion"). This November 9, 2020 email exchange is quoted in the United States' Motion, including the reply that defendant quotes in her Response. *See* Motion at 6. This email was also attached as an exhibit to the Motion. *See* Motion, Ex. 1 at 10.

Fifth, as is clear from defendant's Response, her "Response to Government's Filing on 4.27.21 With Respect to Amended Gov't Exhibit 9," and her other filings and statements to the Court, defendant has no issue with making baseless allegations of misconduct against the United States. In fact, when the United States sent defendant the April 22, 2021 email attached to the Notice that it filed documenting the production of the redacted version of its December 11, 2019 email to Marie Dalton, defendant accused the United States of "hiding Jencks and the Court has ordered it turned over." Exhibit 1. Defendant accused the United States of this discovery violation even though the United States was simply following the Court's order. Sadly, with this particular

defendant, filing the Notices is also necessary to guard against these types of meritless allegations by defendant.

                                            Respectfully submitted,

                                            DEBORAH CONNOR, CHIEF
                                            MLARS

By:       /s/_____
         JONATHAN T. BAUM
         Senior Trial Attorney, Criminal Division
         United States Department of Justice
         Money Laundering and Asset Recovery Section
         1400 New York Avenue, NW
         Washington, DC 20005
         Email: jonathan.baum@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April 2021, I caused a copy of the foregoing report to be served by electronic mail on defendant's counsel:

Kira Anne West
Law Office of Kira Anne West
Email: kiraannewest@gmail.com

                                                 _____/s/_____
                                                 Jonathan T. Baum
                                                 Senior Trial Attorney, Criminal Division
                                                 Money Laundering and Asset Recovery Section
                                                 United States Department of Justice

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kira West |
| **To:** | Baum, Jonathan (CRM) |
| **Subject:** | Re: US v. Fadl, 16CR211 |
| **Date:** | Thursday, April 22, 2021 4:32:47 PM |

Mr. Baum,
I note your argument to the court was that I was assuming Ms. Dalton didn't have time to read the brief you sent. 6.5 hours not enough?
This is what gets you in trouble. You are hiding Jencks and the Court has ordered it turned over. I will inquire tomorrow if this is all the Court ordered.
KIra

> On Apr 22, 2021, at 4:24 PM, Baum, Jonathan (CRM) <Jonathan.Baum> wrote:
>
> Ms. West:
>
> Attached please find the portion of an email that I sent to Marie Dalton and Brendan Shelley on December 11, 2019 that the Court ordered that I disclose to you.
>
> Regards,
>
> **Jonathan T. Baum**
> **Senior Trial Attorney | International Unit | Money Laundering and Asset Recovery Section**
> **Criminal Division, United States Department of Justice**
>
> <Email - 16CR211 - Produced Pursuant to Ct Order of 04 22 21.pdf>