UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.: 1:16-CR-211 (RBW)** |
| v. | : | |
| | : | **UNDER SEAL** |
| **HUWIDA FADL** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY
SUPERVISED RELEASE CONDITIONS**

COMES NOW, the United States of America, by and through its undersigned attorneys, the Money Laundering and Asset Recovery Section ("MLARS"), Criminal Division, United States Department of Justice and opposes defendant Huwida Fadl's ("defendant") Motion to Modify Supervised Release Conditions (the "Motion").

**I.   BACKGROUND**

On March 8, 2019, the Court sentenced defendant to one year and a day imprisonment and a three-year term of supervised release. Docket ("Dkt.") 42 (Sentencing Transcript) at 23-24. As a condition of her supervised release, the Court explicitly told defendant that it would "not permit [her] to travel internationally unless [she had] authorization from the Court to do so, and if deportation proceedings [were] instituted against [her]," the Court "require[d] that [defendant] fully cooperate with immigration authorities in reference to those deportation proceedings." *Id.* at 25. The Court also ordered defendant to make restitution to the victim of her offense. *Id.* at 24-25.

On March 20, 2019, the Court issued its Judgment and set forth in more detail the standard and special conditions of defendant's supervised release. Dkt. 34 (Judgement) at 4-6. The Court reiterated its requirement that defendant make restitution of $1,381,016.05 to the victim, the Kuwait Health Office, and clarified its prohibition on defendant "travel[ing] outside of the United

States for international travel," requiring defendant "to satisfy[] [her] restitution obligation in full, or [obtain] the permission of the Probation Office." *Id.* at 6-7.  The Court also ordered defendant to "surrender to US Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed," and to "not commit another federal, state, or local crime" while on supervised release.  *Id.* at 6.

## II.     ARGUMENT

Citing no law and offering no reasons for why any of the factors enumerated in 18 U.S.C.§ 3553 support her Motion, defendant requests that the Court modify her supervised release conditions and permit her to travel to Sudan, a country that the U.S. State Department has classified as a "Level 4: Do Not Travel" jurisdiction, to care for her adult son while he recovers from surgery.[1]  *See* 18 U.S.C. §3583(e) (courts should consider factors set forth in § 3553(a) before modifying conditions of supervised release); *United States v. Etheridge*, 999 F.Supp.2d 192, 194 (D.D.C. 2013) ("All post-sentencing changes to . . . a defendant's supervised release are governed by" § 3583(e) and "[b]efore making any modification to a defendant's supervised release, a court must consider many of the statutory factors as enumerated in" § 3553(a)).  The Court should deny defendant's Motion for several reasons.

First, contrary to the special conditions of supervised release that the Court imposed on defendant, defendant has not shown that she has made full restitution to the Kuwait Health Office or obtained permission from her probation officer to travel abroad.  In fact, defendant concedes in

---

[1] The current travel advisory issued by the State Department states: "Do not travel to Sudan due to COVID-19. Reconsider travel to Sudan due to crime, terrorism, civil unrest, kidnapping, and armed conflict."  *See Travel.State.Gov – Travel Advisories - Sudan Travel Advisory*.
https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/sudan-travel-advisory.html) (last visited June 30, 2021).

2

her Motion that she "was unable to speak with her [probation officer] to obtain [the probation officer's] position" prior to filing her Motion.  Motion at 1.

On June 29, 2021, the government contacted defendant's probation officer and inquired about her position on defendant's foreign travel request and restitution payments.  Defendant's probation officer advised that she took no position on defendant's request to visit Sudan, and late in the evening of June 29, 2021, advised that defendant had defaulted on her restitution payments.  According to defendant's probation officer, defendant made a $300 restitution payment on the evening of June 29, 2021, but only after the probation officer contacted defendant, reprimanded defendant for not making consistent restitution payments, and reminded defendant that she must make a monthly payment even though the case is pending appeal.  To date, defendant has not made full restitution to the Kuwait Health Office.  Without defendant satisfying the preconditions established by the Court for her to travel overseas, defendant cannot ask the Court to modify the conditions of her supervised release and permit her to travel to Sudan.

Second, defendant presents a significant flight risk should the Court grant her Motion and permit her to travel to Sudan.  Not only is defendant completing the supervised release portion of her sentence in this case, but she is facing immigration charges in an independent administrative proceeding that could impact her U.S. immigration status.  If the Court grants defendant's Motion and permits her to travel abroad, there is no guarantee that defendant will return to the United States to complete her sentence, make restitution, or answer the immigration charges pending against her.  Defendant would be free of these obligations and the government would have no way of returning defendant to the United States to fulfil them because the United States does not have an extradition treaty with Sudan.

Moreover, defendant has demonstrated that she has little to no regard for the Court or its orders. During the evidentiary hearing on defendant's ineffective assistance of counsel claim, defendant violated the conditions of her supervised release by perjuring herself and providing the Court with testimony that was directly contradicted by several witnesses and other evidence offered at the hearing. *See* 18 U.S.C. § 3553(a)(2)(C). If the Court grants defendant's Motion, it would not be able to trust any representations that defendant made to the Court about her willingness to return to the United States from Sudan given her willingness to commit a new crime and provide false testimony at the evidentiary hearing.

Third, defendant has not explained how *any* of the section 3553(a) factors justify her request for international travel – likely because defendant knows that *none* of the factors support her request. *See* 18 U.S.C. § 3583(e); *Etheridge*, 999 F.Supp.2d at 195 (when evaluating request to modify conditions of supervised release, "[t]he Court is required to consider all the [§ 3553(a)] factors, but need not make specific finding [sic] as to each one"). Defendant was convicted of a crime of fraud and deceit that caused over $1.3 million in losses to the Kuwait Health Office. *See* 18 U.S.C. § 3553(a)(1)-(2)(A). Currently, defendant is serving the supervised release portion of her sentence and is under a Court-ordered obligation to make restitution to her victim. *See* 18 U.S.C. § 3553(a)(7). Permitting defendant to travel abroad to a country with no extradition treaty with the United States and with no way to ensure her return before defendant completes her sentence, makes full restitution, and resolves her immigration charges would undermine the sentencing goals of section 3553(a) should defendant chose not to return to the United States. By staying in Sudan, defendant would be able to avoid "just punishment" for her offense and the consequences attached to the variant sentence that the Court imposed on defendant. *See* 18 U.S.C. § 3553(a)(4). Responsibility for making restitution to the Kuwait Health Office would fall

4

squarely on the shoulders of defendant's co-defendant, Wael Sedik, and defendant would no longer have the Court monitoring her behavior. *See* 18 U.S.C. § 3553(a)(7). This would be a boon to defendant. Such an outcome would not deter other current and future bad actors but signal to them that, if convicted, they can avoid full responsibility for their criminal conduct by seeking a modification of their supervised release conditions that would permit them to flee overseas under the pretext of caring for a family member. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(6). This is not the message that the Court should send to defendant or the community.

### III.  CONCLUSION

For the reasons set forth above, the Court should deny defendant's Motion.

Respectfully submitted,

DEBORAH CONNOR, CHIEF
MLARS

By: _____
JONATHAN T. BAUM
Senior Trial Attorney, Criminal Division
United States Department of Justice
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20005
Email: jonathan.baum@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June 2021, I caused a copy of the foregoing report to be served by electronic mail on defendant's counsel:

Kira Anne West
Law Office of Kira Anne West
Email: kiraannewest@gmail.com

                                            Jonathan T. Baum
                                            Senior Trial Attorney, Criminal Division
                                            Money Laundering and Asset Recovery Section
                                            United States Department of Justice